See also 3 Cir., 234 F.2d 276.

Spencer S. GREENWOOD, John M. Greenwood, Henry B. Greenwood, Lucille L. Maddox, and John E. Greenwood, Appellants,

v.

Joseph W. KING, Administrator of the Estate of Benjamin Greenwood, Deceased; William C. Davis, and Fidelity-Philadelphia Trust Company, Appellees.

No. 11952.

United States Court of Appeals
Third Circuit.

Argued Oct. 1, 1956.

Decided Oct. 4, 1956.

George E. Beechwood, Philadelphia, Pa. (Miles Warner, John V. Lovitt, Philadelphia, Pa., on the brief; Beechwood & Lovitt, Philadelphia, Pa., of counsel), for appellants.

M. H. Goldstein, Philadelphia, Pa. (J. Arthur Ewing, Albert C. Brand, Bernard L. Barkan, Philadelphia, Pa., on the brief), for appellees.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

This case is before us for the third time. It is an action to set aside a trust deed on the grounds of undue influence.

and lack of capacity. The plaintiffs are a brother, niece and nephews of the deceased settlor. The defendants are another brother, nephew and the trust company administrator under the deed.

The suit was tried to the court sitting with an advisory jury. The district judge submitted certain factual questions to that body which he felt would be conclusive of the issues involved. He adopted the questions and answers thereto as his findings and judgment was entered in favor of the defendants. That same day plaintiffs filed a motion to set aside the jury's answers. Later, plaintiffs moved to set aside the decree and judgment and for a new trial. After oral argument and briefs the court, in an opinion and order dated November 1, 1954, holding that the motion for the new trial had not been served within the time limit fixed by Rule 59(b) of the Federal Rules of Civil Procedure, 28 U.S.C., denied it and the motion to set aside the decree and judgment. Other than a preliminary reference to the fact of the filing of plaintiffs' motion to set aside the answers there was no mention of that motion by the court in either its opinion or order.

On February 27, 1956 the district judge denied plaintiffs' motion to set aside the answers to the interrogatories because the motion was not within the scope of a motion for a new trial as provided for in Rule 59(b) and further "that the Court is without power to now set aside the answers to the interrogatories or to grant plaintiffs any relief." Plaintiffs appealed that decision and the defendants moved to dismiss the appeal as untimely. This court denied the motion, holding that plaintiffs' motion to set aside the jury's answers to the trial court's interrogatories was properly a motion under Rule 52(b) to amend the findings of the trial court and that it was never disposed of until the order of February 27, 1956 which was entered the following day. That order on its face makes it plain that the district court did not consider or decide the motion on its merits.

Said order is therefore vacated and the cause remanded to the district court for such consideration and decision and for any other action, not inconsistent with this opinion, as may be necessary.